IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE UNIVERSITY OF DELAWARE, a Delaware corporation, and NAPRO BIOTHERAPEUTICS, INC., a Delaware corporation, | : : : : : |
| Plaintiffs, | : : |
| v. | :  Civil Action No. 02cv3224 |
| HOWARD GAMPER, an individual, ALAN M. GEWIRTZ, an individual, and THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, a Pennsylvania corporation, | : : : : : : |
| Defendants. | : |

**ANSWER, COUNTERCLAIMS, AND DEMAND FOR A JURY TRIAL OF DEFENDANTS ALAN M. GEWIRTZ AND THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA**

Defendants Alan M. Gewirtz, M.D. ("Dr. Gewirtz") and the Trustees of the University of Pennsylvania ("Penn") (collectively "Defendants Gewirtz and Penn") hereby respond to the Complaint as follows:

## THE PARTIES

### Plaintiffs

1. Upon information and belief, Defendants Gewirtz and Penn admit the allegations in the first sentence of paragraph 1. Defendants Gewirtz and Penn deny the remainder of the allegations of paragraph 1.

2. Upon information and belief, Defendants Gewirtz and Penn admit the allegations in the first sentence of paragraph 2. Defendants Gewirtz and Penn are without knowledge or

information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 2 and accordingly deny the same.

## Defendants

3.　　Upon information and belief, Defendants Gewirtz and Penn admit the allegations in the first sentence of paragraph 3.  Defendants Gewirtz and Penn also admit that Dr. Gamper is currently employed by the University of Pennsylvania.  Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 3 and accordingly deny the same.

4.　　Defendants Gewirtz and Penn admit the allegations in the first two sentences of paragraph 4.  Defendants Gewirtz and Penn deny the remainder of the allegations of paragraph 4.

5.　　Defendants Gewirtz and Penn admit the allegations in the first sentence of paragraph 5.  Defendants Gewirtz and Penn deny the remainder of the allegations of paragraph 5.

## JURISDICTION AND VENUE

6.　　Defendants Gewirtz and Penn admit only so much of the allegations of paragraph 6 that state that Plaintiffs have commenced an action seeking relief from an alleged misappropriation of trade secrets and that they purport to base their allegations on Pennsylvania common law and Delaware's version of the Uniform Trade Secrets Act, 6 Del. Code Ann. §§ 2001-2009.  Defendants Gewirtz and Penn deny the remainder of the allegations of paragraph 6.

7.　　Defendants Gewirtz and Penn admit the allegations in the first three sentences of paragraph 7 concerning the diversity of citizenship of the parties.  Defendants Gewirtz and Penn deny the remainder of the allegations of paragraph 7.

8.　　Defendants Gewirtz and Penn admit the allegations of paragraph 8.

## **FACTS**

9. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and accordingly deny the same.

10. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and accordingly deny the same.

11. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and accordingly deny the same.

12. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and accordingly deny the same.

13. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and accordingly deny the same.

14. Defendants Gewirtz and Penn admit the allegations in the first sentence of paragraph 14. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 14 and accordingly deny the same.

15. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and accordingly deny the same.

16. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and accordingly deny the same.

17. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and accordingly deny the same.

18. Defendants Gewirtz and Penn aver that paragraph 18 consists of inaccurate conclusions of law and aver that the patent laws speak for themselves and therefore deny the allegations of paragraph 18.

19. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and accordingly deny the same.

20. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and accordingly deny the same.

21. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and accordingly deny the same.

22. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and accordingly deny the same.

23. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and accordingly deny the same.

24. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and accordingly deny the same.

25. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 25 and accordingly deny the same. Defendants Gewirtz and Penn further aver that the University of Delaware's Policies and Procedures Manual speaks for itself and therefore deny the allegations in the remainder of paragraph 25.

26. Defendants Gewirtz and Penn aver that the University of Delaware's Policies and Procedures Manual speaks for itself and therefore deny the allegations of paragraph 26.

27. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, and further aver that the NaPro-Gamper Consulting Agreement speaks for itself, and therefore deny the allegations of paragraph 27.

28. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28, and further aver that the NaPro-Gamper Consulting Agreement speaks for itself, and therefore deny the allegations of paragraph 28.

29. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29, and further aver that the NaPro-Gamper Consulting Agreement speaks for itself, and therefore deny the allegations of paragraph 29.

30. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and accordingly deny the same.

31. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and accordingly deny the same.

32. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and accordingly deny the same.

33. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and accordingly deny the same.

34. Defendants Gewirtz and Penn admit that on or about January 7, 2002, Dr. Gamper joined a research group at the University of Pennsylvania that is supervised by Dr. Gewirtz, but deny that Dr. Gamper joined this research group in November 2001, and aver that he joined this

group on or about January 7, 2002.  Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and accordingly deny the same.

      35.      Defendants Gewirtz and Penn deny the allegations of paragraph 35.

      36.      Defendants Gewirtz and Penn admit only so much of the allegations of paragraph 36 that state that a research group headed by Dr. Gewirtz is seeking to obtain funding for research from the National Institutes of Health ("NIH"), an agency of the United States Government.  Defendants Gewirtz and Penn deny the remainder of the allegations of paragraph 36, including that Dr. Gamper is a member of the research group headed by Dr. Gewirtz that is seeking to obtain funding from the National Institutes of Health.

      37.      Defendants Gewirtz and Penn admit only so much of the allegations of paragraph 37 that state that an application for funding from the NIH involves a disclosure to the NIH of the technology for which funding is sought, and further state that an application for funding from the NIH is maintained as private and confidential from the public until such time as the application may be funded.  Defendants Gewirtz and Penn deny the remainder of the allegations of paragraph 37.

      38.      Defendants Gewirtz and Penn admit the allegations in the first sentence of paragraph 38.  Defendants Gewirtz and Penn admit only so much of the allegations of the second sentence of paragraph 38 that state that a site visit was performed at the University of Pennsylvania on May 21-23, 2002, for an application submitted by a research group headed by Dr. Gewirtz.  Defendants Gewirtz and Penn deny the remainder of the allegations of paragraph 38, including that such a site visit was performed at the University of Pennsylvania for an application submitted by Dr. Gamper or by a research group that included Dr. Gamper.

39. Upon information and belief, Defendants Gewirtz and Penn admit the allegations of paragraph 39.

40. Defendants Gewirtz and Penn admit only so much of the allegations in the first sentence of paragraph 40 that state that the University of Delaware and NaPro have requested that the University of Pennsylvania provide them with a copy of the NIH grant application filed by Dr. Gewirtz. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 40 and accordingly deny the same. Defendants Gewirtz and Penn deny the remainder of the allegations of paragraph 40.

41. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and accordingly deny the same.

42. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and accordingly deny the same.

**First Claim for Relief: Misappropriation of Trade Secrets**
**(University of Delaware and NaPro BioTherapeutics, Inc. v. Howard Gamper, Alan Gewirtz, and the Trustees of the University of Pennsylvania)**

43. Defendants Gewirtz and Penn incorporate their responses to paragraphs 1-42 as though fully set forth herein.

44. Defendants Gewirtz and Penn aver that paragraph 44 consists of inaccurate conclusions of law and aver that Pennsylvania law and Delaware law regarding trade secrets speak for themselves and therefore deny the allegations of paragraph 44.

45. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and accordingly deny the same.

46. Defendants Gewirtz and Penn deny the allegations of paragraph 46.

47. Defendants Gewirtz and Penn deny the allegations of paragraph 47.

48. Defendants Gewirtz and Penn deny the allegations of paragraph 48.

49. Defendants Gewirtz and Penn deny the allegations of paragraph 49.

## Second Claim for Relief:
## Breach of Employment Agreement with the University of Delaware
### (University of Delaware v. Howard Gamper)

50. Defendants Gewirtz and Penn incorporate their responses to paragraphs 1-49 as though fully set forth herein.

51. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 and therefore deny such allegations.

52. Defendants Gewirtz and Penn deny the allegations of paragraph 52.

53. Defendants Gewirtz and Penn deny the allegations of paragraph 53.

## Third Claim for Relief:
## Breach of Consulting Agreement with NaPro
### (NaPro BioTherapeutics, Inc. v. Howard Gamper)

54. Defendants Gewirtz and Penn incorporate their responses to paragraphs 1-53 as though fully set forth herein.

55. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 and therefore deny such allegations.

56. Defendants Gewirtz and Penn deny the allegations of paragraph 56.

57. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 and therefore deny such allegations.

58. Defendants Gewirtz and Penn deny the allegations of paragraph 58.

59. Defendants Gewirtz and Penn aver that the NaPro-Gamper Consulting Agreement speaks for itself and therefore deny the allegations of paragraph 59.

**Fourth Claim for Relief:**
**Conversion**
**(University of Delaware and NaPro BioTherapeutics, Inc. v. Howard Gamper, Alan Gewirtz, and the Trustees of the University of Pennsylvania)**

60. Defendants Gewirtz and Penn incorporate their responses to paragraphs 1-59 as though fully set forth herein.

61. Defendants Gewirtz and Penn are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 and accordingly deny the same.

62. Defendants Gewirtz and Penn deny the allegations of paragraph 62.

63. Defendants Gewirtz and Penn deny the allegations of paragraph 63.

**Fifth Claim for Relief:**
**Unjust Enrichment**
**(University of Delaware and NaPro BioTherapeutics, Inc. v. Howard Gamper, Alan Gewirtz, and Trustees of the University of Pennsylvania)**

64. Defendants Gewirtz and Penn incorporate their responses to paragraphs 1-63 as though fully set forth herein.

65. Defendants Gewirtz and Penn deny the allegations of paragraph 65.

66. Defendants Gewirtz and Penn deny the allegations of paragraph 66.

67. Defendants Gewirtz and Penn deny the allegations of paragraph 67.

**Sixth Claim for Relief:**
**Intentional Interference with Contractual Relations**
**(NaPro BioTherapeutics, Inc. v. Trustees of the University of Pennsylvania)**

68. Defendant Penn incorporates its responses to paragraphs 1-67 as though fully set forth herein.

69. Defendant Penn is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 and accordingly denies the same.

70. Defendant Penn denies the allegations of paragraph 70.

71. Defendant Penn denies the allegations of paragraph 71.

**Seventh Claim for Relief:**
**Intentional Interference with Contractual Relations**
**(NaPro BioTherapeutics, Inc. v. Alan Gewirtz)**

72. Defendant Dr. Gewirtz incorporates his responses to paragraphs 1-71 as though fully set forth herein.

73. Defendant Dr. Gewirtz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 and accordingly denies the same.

74. Defendant Dr. Gewirtz denies the allegations of paragraph 74.

75. Defendant Dr. Gewirtz denies the allegations of paragraph 75.

**AFFIRMATIVE DEFENSES**

1. Defendants Gewirtz and Penn deny any and all allegations of the Complaint that are not expressly admitted.

2. The Complaint fails to state a claim upon which relief may be granted.

3. The Complaint is barred because the conduct of Defendants Gewirtz and Penn was justified and privileged.

4. Defendants Gewirtz and Penn deny that they are indebted to Plaintiffs in the amount claimed, or in any amount, for the reasons stated or for any other reason, and deny that Plaintiffs are entitled to any of the relief they seek in the Complaint.

5. Defendants Gewirtz and Penn deny that the work and work product of the Kmiec group, identified by Plaintiffs in paragraph 45 of the Complaint as the "identif[ication of]

specific oligonucelotide molecules likely to be useful in particular types of gene repair therapies, preferred methods for using those molecules, and specific potential commercial applications for this work," are trade secrets because the information and results contained in the work and work product of the Kmiec group were already present, in whole or in substantial part, in the public domain.

  6. Defendants Gewirtz and Penn deny that the work and work product of the Kmiec group, identified by Plaintiffs in paragraph 45 of the Complaint as the "identif[ication of] specific oligonucelotide molecules likely to be useful in particular types of gene repair therapies, preferred methods for using those molecules, and specific potential commercial applications for this work," are trade secrets because the information and results contained in the work and work product of the Kmiec group were published, in whole or in substantial part, by Plaintiffs or with the authorization of Plaintiffs.

  7. Defendants Gewirtz and Penn reserve the right to allege additional facts and circumstances in support of their defenses as these facts become available through and including the time of trial.

## PRAYER FOR RELIEF AS TO THE COMPLAINT

WHEREFORE, as to the Complaint, Defendants Gewirtz and Penn respectfully pray for:

  1. A judgment dismissing the Complaint with prejudice;

  2. A judgment denying any and all of the damages, including, but not limited to, attorneys' fees and injunctive relief requested by Plaintiffs;

  3. An award of the costs and reasonable attorneys' fees of Defendants Gewirtz and Penn; and

4.  A judgment awarding Defendants Gewirtz and Penn such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

For their Counterclaims against the University of Delaware ("Delaware") and NaPro BioTherapeutics, Inc. ("NaPro") (collectively "Delaware and NaPro"), the Trustees of the University of Pennsylvania ("Penn") and Alan M. Gewirtz ("Gewirtz") (collectively "Gewirtz and Penn") hereby aver as follows:

1.  Gewirtz and Penn incorporate by reference their Answer to the Complaint.

## JURISDICTION AND VENUE

2.  Jurisdiction for this counterclaim is proper pursuant to Rule 13 of the Federal Rules of Civil Procedure. In addition, this is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201, for the purpose of determining a case of actual controversy between the parties, and jurisdiction is proper under 28 U.S.C. § 1332(a) because of diversity of citizenship. Venue is proper under 28 U.S.C. § 1391.

## THE PARTIES

3.  Penn is a non-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 3400 Walnut Street, Philadelphia, Pennsylvania.

4.  Dr. Gewirtz is an individual who resides at 716 Clarendon Road, Narberth, Pennsylvania 19072.

5.  Dr. Gamper is an individual who resides at 904 Locust Street, Philadelphia, Pennsylvania.

6. Upon information and belief, Delaware is a non-profit corporation organized and existing under the laws of the State of Delaware with a place of business at 210 Hullihen Hall, Newark, Delaware.

7. Upon information and belief, NaPro is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 6304 Spine Road, Unit A, Boulder, Colorado.

## FACTUAL BACKGROUND

8. Delaware alleges that it is the owner of certain trade secrets regarding gene alteration technology, which alleged trade secrets were developed by a group of scientists at the University of Delaware supervised by Dr. Kmiec.

9. NaPro alleges that it is the exclusive licensee of certain trade secrets regarding gene alteration technology, which alleged trade secrets were developed by a group of scientists at the University of Delaware supervised by Dr. Kmiec.

10. Delaware and NaPro have filed a complaint in the above-captioned action alleging that Gewirtz and Penn have misappropriated the alleged trade secrets, and claiming damages therefrom, so that an actual controversy exists between the parties.

11. Gewirtz and Penn disagree with the position of Delaware and NaPro.

## COUNT I

12. Gewirtz and Penn incorporate the allegations contained in the preceding paragraphs as though fully set forth herein.

13. Upon information and belief, the alleged trade secrets, identified by Plaintiffs in paragraph 45 of the Complaint as the "identif[ication of] specific oligonucelotide molecules likely to be useful in particular types of gene repair therapies, preferred methods for using those

molecules, and specific potential commercial applications for this work," do not constitute trade secrets because the information and results contained in such work and work product were already present, in whole or in substantial part, in the public domain.

14.     Upon information and belief, the alleged trade secrets, identified by Plaintiffs in paragraph 45 of the Complaint as the "identif[ication of] specific oligonucelotide molecules likely to be useful in particular types of gene repair therapies, preferred methods for using those molecules, and specific potential commercial applications for this work," do not constitute trade secrets because the information and results contained in such work and work product were published, in whole or in substantial part, by Plaintiffs or with the authorization of Plaintiffs.

15.     Accordingly, Gewirtz and Penn are entitled to a declaration that the technology claimed by Delaware and NaPro as trade secrets does not constitute trade secrets.

## COUNT II

16.     Penn incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

17.     Penn has an existing contractual relationship with Dr. Gamper.

18.     Delaware and NaPro, without privilege or justification, intentionally interfered with and continue to interfere with Penn's contractual relationship with Dr. Gamper by prohibiting Dr. Gamper from conducting research that he was hired to perform at the University of Pennsylvania.

19.     As a result of the conduct of Delaware and NaPro, Penn has suffered and continues to suffer actual loss and harm in that it has been deprived of its research efforts and its significant investments in that research.

WHEREFORE, defendants and counterclaim plaintiffs Alan M. Gewirtz, M.D. and the Trustees of the University of Pennsylvania request that the Court:

1. Enter judgment declaring that the technology claimed by NaPro and Delaware as trade secrets does not constitute trade secrets;

2. Enter judgment declaring that Gewirtz and Penn did not misappropriate any alleged trade secrets;

3. Enter judgment declaring that Gewirtz and Penn did not intentionally interfere with any contractual relations;

4. Enter judgment that NaPro and Delaware have intentionally interfered with the contractual relations between Penn and Dr. Gamper;

5. Enter judgment awarding damages to Penn sustained as a result of the intentional interference of NaPro and Delaware with Penn's contractual relationship with Dr. Gamper;

6. Enter an order granting Gewirtz and Penn the costs of this litigation; and

7. Enter an order granting Gewirtz and Penn such other and additional relief against Delaware and NaPro as may be just and proper in the circumstances.

**DEMAND FOR TRIAL BY A JURY**

Pursuant to Fed. R. Civ. P. 38, defendants Gewirtz and Penn hereby demand a trial by jury.

Respectfully submitted,

_____
Charles R. Bruton
Mariam Koohdary
Pa. I.D. Nos. 18834, 85222
BUCHANAN INGERSOLL, PC
Eleven Penn Center, 14th Floor
1835 Market Street
Philadelphia, PA  19103-2985
(215) 665-3850

Dated:  November 15, 2002

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of November, 2002, the attached Answer, Counterclaims, and Demand for a Jury Trial of Defendants Alan M. Gewirtz and the Trustees of the University of Pennsylvania was served upon the below-named counsel of record at the address and in the manner indicated:

H. Robert Fiebach, Esquire                                    HAND DELIVERY
Cozen O'Connor
1900 Market Street
Philadelphia, PA  19103

Lindley J. Brenza, Esquire                                    VIA FEDERAL EXPRESS
Bartlit Beck Herman Palenchar & Scott
1899 Wynkoop Street, 8th Floor
Denver, CO 80202

_____
Mariam Koohdary