UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **The University of Delaware and Napro BioTherapeutics, Inc.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**Howard Gamper, et al.,**<br><br>**Defendants.** | Civil Action No. 02cv3224 |

### DEFENDANT, HOWARD GAMPER'S
### ANSWER AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT

#### Plaintiffs

1. Admitted in part; Denied in part. On information and belief, the averments in the first sentence of this paragraph are admitted. The remaining averments in this paragraph state a legal conclusion to which no responsible pleading in required. To the extent that a response is deemed necessary, that averment is denied.

2. Admitted in part; Denied in part. On information and belief, the averments in the first sentence of this paragraph are admitted. The remaining averments in this paragraph state a legal conclusion to which no responsible pleading in required. To the extent that a response is deemed necessary, that averment is denied.

#### Defendants

3. Admitted in part; Denied in part. On information and belief, it is admitted that Dr. Gamper is an individual who resides at 904 Locust Street, Philadelphia, Pennsylvania 19107, that, from November 1999 until November 2001, Dr. Gamper worked at the University of

Delaware, and that Dr. Gamper is now employed by the University of Pennsylvania. The remaining averments in this paragraph state legal conclusions to which no responsible pleading in required. To the extent that a response is deemed necessary, those averments are denied.

4. Admitted in part; Denied in part. On information and belief, the averments in the first two sentences of this paragraph are admitted. The remaining averments in this paragraph are denied.

5. Admitted in part; Denied in part. On information and belief, the averments in the first sentence of this paragraph are admitted. The remaining averments in this paragraph state legal conclusions to which no responsible pleading in required. To the extent that a response is deemed necessary, those averments are denied.

**Jurisdiction and Venue**

6. Admitted in part, denied in part. It is admitted that plaintiffs have commenced an action alleging misappropriation of trade secrets, and that plaintiffs purport to ground their claims in Pennsylvania common law and the Uniform Trade Secrets Act, as enacted in Delaware, 6 Del. Code Ann. §§ 2001-2009. The remaining averments in this paragraph state legal conclusions to which no responsible pleading in required. To the extent that a response is deemed necessary, those averments are denied.

7. Admitted in part, denied in part. It is admitted that plaintiffs assert jurisdiction on the basis of diversity of citizenship. It is further admitted that both plaintiffs are citizens of Delaware and that all defendants are citizens of Pennsylvania. The remaining averments in this paragraph state a legal conclusion to which no responsible pleading in required. To the extent that a response is deemed necessary, those averments are denied.

8.      Admitted.

## Facts

9.      Defendant Gamper, having made reasonable inquiry, is without sufficient knowledge or information to form an opinion as to the truth or falsity of the averments in this paragraph. Those averments are therefore denied.

10.     Defendant Gamper, having made reasonable inquiry, is without sufficient knowledge or information to form an opinion as to the truth or falsity of the averments in this paragraph. Those averments are therefore denied.

11.     Defendant Gamper, having made reasonable inquiry, is without sufficient knowledge or information to form an opinion as to the truth or falsity of the averments in this paragraph. Those averments are therefore denied.

12.     Defendant Gamper, having made reasonable inquiry, is without sufficient knowledge or information to form an opinion as to the truth or falsity of the averments in this paragraph. Those averments are therefore denied.

13.     Defendant Gamper, having made reasonable inquiry, is without sufficient knowledge or information to form an opinion as to the truth or falsity of the averments in this paragraph. Those averments are therefore denied.

14.     Defendant Gamper, having made reasonable inquiry, is without sufficient knowledge or information to form an opinion as to the truth or falsity of the averments in this paragraph. Those averments are therefore denied.

15. Defendant Gamper, having made reasonable inquiry, is without sufficient knowledge or information to form an opinion as to the truth or falsity of the averments in this paragraph. Those averments are therefore denied.

16. Defendant Gamper, having made reasonable inquiry, is without sufficient knowledge or information to form an opinion as to the truth or falsity of the averments in this paragraph. Those averments are therefore denied.

17. Defendant Gamper, having made reasonable inquiry, is without sufficient knowledge or information to form an opinion as to the truth or falsity of the averments in this paragraph. Those averments are therefore denied.

18. The averments in this paragraph state conclusions of law, as to which no responsive pleading is required. To the extent a response is deemed necessary, those averments are denied.

19. Defendant Gamper, having made reasonable inquiry, is without sufficient knowledge or information to form an opinion as to the truth or falsity of the averments in this paragraph. Those averments are therefore denied.

20. Defendant Gamper, having made reasonable inquiry, is without sufficient knowledge or information to form an opinion as to the truth or falsity of the averments in this paragraph. Those averments are therefore denied.

21. Defendant Gamper, having made reasonable inquiry, is without sufficient knowledge or information to form an opinion as to the truth or falsity of the averments in this paragraph. Those averments are therefore denied.

22. Defendant Gamper, having made reasonable inquiry, is without sufficient knowledge or information to form an opinion as to the truth or falsity of the averments in this paragraph. Those averments are therefore denied.

23. Defendant Gamper, having made reasonable inquiry, is without sufficient knowledge or information to form an opinion as to the truth or falsity of the averments in this paragraph. Those averments are therefore denied.

24. Admitted.

25. Admitted in part, denied in part. It is admitted that the University of Delaware has issued a Policies and Procedures Manual, and that Exhibit "A" to the Complaint is a true and correct copy of that document. Plaintiffs' characterization of the Policies and Procedures Manual , which is a written document that speaks for itself, is denied.

26. Plaintiffs' characterization of the Policies and Procedures Manual , which is a written document that speaks for itself, is denied.

27. Admitted in part, denied in part. It is admitted that Dr. Gamper was party to a Consulting Agreement with NaPro. Plaintiffs' characterization of the Consulting Agreement, which is a written document that speaks for itself, is denied.

28. Plaintiffs' characterization of the Consulting Agreement, which is a written document that speaks for itself, is denied.

29. Plaintiffs' characterization of the Consulting Agreement, which is a written document that speaks for itself, is denied.

30. Defendant Gamper, having made reasonable inquiry, is without sufficient knowledge or information to form an opinion as to the truth or falsity of the averments in this paragraph. Those averments are therefore denied.

31. Admitted in part, denied in part. It is admitted that Dr. Gamper wrote to Dr. Kmiec on or about October 29, 2001. Plaintiffs' characterization of the letter, which is a written document that speaks for itself, is denied.

32. Defendant Gamper, having made reasonable inquiry, is without sufficient knowledge or information to form an opinion as to the truth or falsity of the averments in this paragraph. Those averments are therefore denied.

33. The averments of this paragraph state legal conclusions as to which no responsive pleading is required. To the extent a response is deemed necessary, those averments are denied.

34. Admitted in part, denied in part. It is admitted that Dr. Gamper left the University of Delaware in November 2001, and that he subsequently joined a research group at the University of Pennsylvania supervised by Dr. Gewirtz. To the extent that this paragraph avers that Dr. Gamper joined the research group at the University of Pennsylvania in November 2001, that averment is denied. By way of further response, Dr. Gamper avers that he joined that research group on or about January 7, 2002.

35. Denied.

36. Admitted in part, denied in part. On information and belief, it is admitted that a research group headed by Dr. Gewirtz seeks funding from the National Institutes of Health ("NIH"), an agency of the U.S. government. It is denied that Dr. Gamper is a member of that research group.

37. Admitted in part, denied in part. It is admitted that an application for funding from the NIH requires disclosure to NIH of the technology for which funding is sought. It is denied that an application for funding for NIH entails any further disclosure of technology. By way of further response, defendant Gamper avers, on knowledge and belief, that applications for NIH

6

funding are kept private and confidential until approved. To the extent that the averments in this paragraph purport to state any legal conclusion, no responsive pleading is required. To the extent that a response is deemed necessary, those averments are denied.

38. Admitted in part, denied in part. The averments in the first sentence of this paragraph are admitted. It is further admitted, on information and belief, that an NIH site visit, in connection with an application by a research group headed by Dr. Gewirtz, took place on or about May 21-23, 2002. The remaining averments of this paragraph are denied.

39. Admitted upon information and belief.

40. Admitted in part, denied in part. On information and belief, it is admitted that the University of Pennsylvania and NaPro have requested that the University of Pennsylvania provide them with a copy of the NIH grant application filed by Dr. Gewirtz. Defendant Gamper, having made reasonable inquiry, is without sufficient knowledge or information to form an opinion as to the truth or falsity of the remaining averments in this paragraph. Those averments are therefore denied.

41. The averments of this paragraph state legal conclusions as to which no responsive pleading is required. To the extent a response is deemed necessary, those averments are denied.

42. The averments of this paragraph state legal conclusions as to which no responsive pleading is required. To the extent a response is deemed necessary, those averments are denied.

### First Claim for Relief:
### Misappropriation of Trade Secrets

### University of Delaware and NaPro BioTherapeutics, Inc. v.
### Howard Gamper, Alan Gewirtz, and the Trustees of the University of Pennsylvania

43. Defendant Gamper incorporates by reference his responses to paragraphs 1-42 as though fully set forth herein.

44. The averments of this paragraph state legal conclusions as to which no responsive pleading is required. To the extent a response is deemed necessary, those averments are denied.

45. The averments of this paragraph state legal conclusions as to which no responsive pleading is required. To the extent a response is deemed necessary, those averments are denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

### Second Claim for Relief:
### Breach of Employment Agreement with the University of Delaware

### University of Delaware v. Howard Gamper

50. Defendant Gamper incorporates his responses to paragraphs 1-49 as though fully set forth herein.

51. The averments of this paragraph state legal conclusions as to which no responsive pleading is required. To the extent a response is deemed necessary, those averments are denied.

52. Denied.

53. Denied.

### Third Claim for Relief:
### Breach of Consulting Agreement with the NaPro

### University of Delaware v. Howard Gamper

54. Defendant Gamper incorporates his responses to paragraphs 1-53 as though fully set forth herein.

55. The averments of this paragraph state legal conclusions as to which no responsive pleading is required. To the extent a response is deemed necessary, those averments are denied.

56. Denied.

57. Denied.

58. Denied.

59. Plaintiffs' characterization of the Consulting Agreement, which is a written document that speaks for itself, is denied.

### Fourth Claim for Relief:
### Conversion

### University of Delaware and NaPro BioTherapeutics, Inc. v.
### Howard Gamper, Alan Gewirtz, and the Trustees of the University of Pennsylvania

60. Defendant Gamper incorporates his responses to paragraphs 1-59 as though fully set forth herein.

61. The averments of this paragraph state legal conclusions as to which no responsive pleading is required. To the extent a response is deemed necessary, those averments are denied.

62. Denied.

63. Denied.

**Fifth Claim for Relief:**
**Unjust Enrichment**

**University of Delaware and NaPro BioTherapeutics, Inc. v.**
**Howard Gamper, Alan Gewirtz, and the Trustees of the University of Pennsylvania**

64. Defendant Gamper incorporates his responses to paragraphs 1-63 as though fully set forth herein.

65. Denied.

66. Denied.

67. Denied.

**Sixth Claim for Relief:**
**Intentional Interference With Contractual Relations**

**NaPro BioTherapeutics, Inc. v.**
**Trustees of the University of Pennsylvania**

68. Defendant Gamper incorporates his responses to paragraphs 1-67 as though fully set forth herein.

69. The averments of this paragraph state legal conclusions as to which no responsive pleading is required. To the extent a response is deemed necessary, those averments are denied.

70. Defendant Gamper, having made reasonable inquiry, is without sufficient knowledge or information to form an opinion as to the truth or falsity of the remaining averments in this paragraph. Those averments are therefore denied.

71. Defendant Gamper, having made reasonable inquiry, is without sufficient knowledge or information to form an opinion as to the truth or falsity of the remaining averments in this paragraph. Those averments are therefore denied.

## Seventh Claim for Relief:
## Intentional Interference With Contractual Relations

### NaPro BioTherapeutics, Inc. v. Alan Gewirtz

72. Defendant Gamper incorporates his responses to paragraphs 1-71 as though fully set forth herein.

73. Defendant Gamper, having made reasonable inquiry, is without sufficient knowledge or information to form an opinion as to the truth or falsity of the remaining averments in this paragraph. Those averments are therefore denied.

74. Defendant Gamper, having made reasonable inquiry, is without sufficient knowledge or information to form an opinion as to the truth or falsity of the remaining averments in this paragraph. Those averments are therefore denied.

75. Defendant Gamper, having made reasonable inquiry, is without sufficient knowledge or information to form an opinion as to the truth or falsity of the remaining averments in this paragraph. Those averments are therefore denied.

**AFFIRMATIVE DEFENSES**

1. Defendant Gamper denies any and all averments of the Complaint that are not expressly admitted.

2. The Complaint fails to state a claim for which relief may be granted.

3. The Complaint is barred because the conduct of defendant Gamper was justified and privileged.

4. Defendant Gamper denies that he is indebted to plaintiffs in the amount claimed, or in any amount, for the reasons plaintiffs assert, or for any other reason, and denies that plaintiffs are entitled to any of the relief they seek.

5. Defendant Gamper denies that the work and work product of the Kmiec group, as identified in paragraph 45 of the Complaint, constitute trade secrets, and avers that the information and results contained in that work and work product of the Kmiec group were already present, in whole or in substantial part, in the public domain.

6. Defendant Gamper denies that the work and work product of the Kmiec group, as identified in paragraph 45 of the Complaint, constitute trade secrets, and avers that the information and results contained in that work and work product of the Kmiec group were published, in whole or in substantial part, by plaintiffs or with the authorization of plaintiffs.

7. Defendant Gamper reserves the right to allege such additional facts and circumstances in support of his defenses as become available through to and including the time of trial.

**WHEREFORE**, Defendant Gamper respectfully requests that the Court enter judgment in favor of defendant Gamper and against plaintiffs as follows:

    i) dismissing the Complaint with prejudice;

    ii) denying any and all relief sought in the Complaint;

    iii) awarding costs and reasonable attorneys fees to defendant Gamper; and

    iv) awarding defendant Gamper such other relief as the Court deems just and proper.

## COUNTERCLAIMS

For his Counterclaims against the University of Delaware ("Delaware") and NaPro BioTherapeutics, Inc. ("NaPro"), defendant Gamper hereby avers as follows, and as further averred in his Answer to the Complaint, which is incorporated herein by reference:

### JURISDICTION AND VENUE

1. Jurisdiction for these counterclaims is proper pursuant to Fed. R. Civ. P. Rule 13.

### COUNT I:
### Intentional Interference With Contractual Relations

2. Dr. Gamper incorporates the averments contained in each of the preceding paragraphs as though fully set forth herein.

3. Since on or about January 7, 2002, Dr. Gamper has had an existing and ongoing contractual relationship with the University of Pennsylvania.

4. Delaware and NaPro, without privilege or justification, intentionally interfered with Dr. Gamper's contractual relationship with the University of Pennsylvania, by inducing or seeking to induce the University of Pennsylvania to terminate that relationship.

5. Delaware and NaPro acted intentionally, knowingly and without justification, for the purpose of inducing or causing the University of Pennsylvania to terminate its contractual relationship with Dr. Gamper.

6. As a result of the conduct of Delaware and NaPro, Dr. Gamper has suffered, and continues to suffer, actual loss and harm, in that his ability to conduct research has been impaired.

**WHEREFORE,** Dr. Gamper respectfully requests that the Court enter judgment in his favor and against the University of Delaware and NaPro, as follows:

i) awarding Dr. Gamper damages sustained as a result of the intentional interference with his contractual relationship with the University of Pennsylvania;

ii) awarding Dr. Gamper recovery of his costs and reasonable attorneys' fees; and

iii) awarding Dr. Gamper such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. Rule 38, defendant Gamper hereby demands a trial by jury.

Respectfully submitted,

ECKERT, SEAMANS, CHERIN
 & MELLOTT, LLC

_____
Stephen M. Foxman, Pa. Atty. I.D. 16978
Eric M. Fink, Pa. Atty. I.D. 80154
1515 Market Street, 9th Floor
Philadelphia, PA 19102
Tel.: (215) 851-8400
Fax: (215) 851-8383

Attorneys for Dr. Howard Gamper

Dated:   December 19, 2002

## **VERIFICATION**

I, Dr. Howard Gamper, hereby state that I am a Defendant in this action and hereby verify that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief.

This Verification is made subject to the penalties of 28 U.S.C. § 1746 relating to unsworn falsification to authorities.


Dated:  December 19, 2002                                             _____
                                                                                                          Dr. Howard Gamper

## CERTIFICATE OF SERVICE

I, Eric M. Fink, certify that I on this 19th day of December, 2002, I served a true and correct copy of the foregoing Defendant, Howard Gamper's Answer and Counterclaims to Plaintiffs' Complaint via First Class Mail, postage prepaid upon the following:

Lillian E. Benedict, Esquire
Cozen & O'Connor
1900 Market Street
Philadelphia, PA 19103

**Counsel for Plaintiffs**
**University of Delaware and**
**NaPro BioTherapeutics, Inc.**

Charles Bruton, Esquire
Buchannan Ingersoll
1835 Market Street, 14th Fl.
Philadelphia, PA 19103

**Counsel for Defendants**
**University of Pennsylvania and**
**Alan M. Gewirtz**

_____
Eric M. Fink

*M0385632.DOC*